[Cite as *State v. Perrine*, 2013-Ohio-5738.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99534

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MATTHEW C. PERRINE

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-557357

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 26, 2013

**ATTORNEY FOR APPELLANT**

R. Paul Cushion, II
75 Public Square, Suite 1111
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Kristen L. Sobieski
         James M. Price
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Matthew C. Perrine ("Perrine"), appeals his maximum consecutive sentences. We find no merit to the appeal and affirm.

{¶2} In January 2011, Perrine was charged with four counts of rape, two counts of kidnapping, and two counts of gross sexual imposition. All charges included sexually violent predator specifications pursuant to R.C. 2941.148(A), and the rape charges included sexual motivation specifications pursuant to R.C. 2941.147(A). The victim was Perrine's 11-year-old stepdaughter, S.K.

{¶3} In March 2011, the state moved to revoke Perrine's bond, alleging that the victim's mother ("Katherine") observed Perrine in a car parked next to the victim's daycare center. She also alleged that Perrine intentionally waited for her to pass him on her way to work and that he was seen outside the victim's school, Harding Middle School.

{¶4} Following a hearing, the court denied the motion to revoke bond but modified the terms and conditions of his bond. The modifications included orders prohibiting Perrine from: (1) coming within 1,000 feet of the victim and her family and (2) stopping loitering within 250 feet of the boundaries of Harding Middle School and the victim's daycare facility. The court also ordered Perrine to "surrender any guns, rifles, and/or knives that he owns (regardless of possession) to the Lakewood Police Department," and "if the defendant does not own any guns, rifles, and/or knives, he is to submit an affidavit to [the] court."

**{¶5}** In May 2012, the state filed a second motion to revoke Perrine's bond, alleging that he "blatantly disregarded the terms and conditions of his bond, which required him to stay away from the victim, the victim's mother, and her other children." The state also alleged that Perrine failed to surrender any guns, rifles, and/or knives to the Lakewood police and failed to submit an affidavit stating that he did not own or possess any guns, rifles, or knives.

**{¶6}** Perrine subsequently submitted an affidavit to the court attesting that he owned one gun and that he surrendered it to the Lakewood police. After a hearing on the state's second motion to revoke bond, the trial court determined there was insufficient evidence to support a finding that Perrine violated the terms and conditions of the court's previous order. The court acknowledged that Perrine was late in submitting the affidavit, but that he complied with the order prior to the hearing. Therefore, the court denied this second motion to revoke bond.

**{¶7}** Pursuant to a plea agreement, Perrine pleaded guilty to abduction, which included the sexual motivation specification, and two counts of gross sexual imposition. The sexually violent predator specifications were nolled. Perrine conceded that the three offenses were not allied offenses and therefore not subject to merger at sentencing. The court sentenced Perrine to the maximum sentence of three years for abduction, and five years for each of the gross sexual imposition charges, to be served consecutively for an aggregate 13-year prison term. The trial court also imposed five years mandatory

postrelease control and a $15,000 fine.   Perrine now appeals and raises two assignments of error, which we discuss in reverse order for the sake of economy.

### Extrinsic Evidence

**{¶8}** In the second assignment of error, Perrine argues the trial court erroneously considered extrinsic evidence when it decided to impose maximum consecutive sentences.   He contends the trial court violated his right to due process by considering victim impact statements presented by S.K.'s mother and a family friend at the sentencing hearing.   He also contends the court should not have considered DNA evidence presented by the prosecutor.

**{¶9}** However, R.C. 2929.19(B)(1) imposes a duty on the trial court to consider evidence of the type Perrine complains was inadmissible.   R.C. 2929.19(B) states:

> At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 of the Revised Code.

**{¶10}** Thus, pursuant to R.C. 2929.19(B)(1), the court was also obligated to consider DNA evidence establishing that Perrine's saliva was found in S.K.'s underwear because it was required to "consider * * * any information presented at the hearing by any person pursuant to [R.C. 2929.19(A)]."   R.C. 2929.19(A) provides that "the prosecuting

attorney * * * may present information relevant to the imposition of sentence in the case."

Therefore, the DNA evidence was admissible for sentencing purposes.

**{¶11}** Likewise, R.C. 2947.051, which governs the presentation of victim impact statements, states that "[t]he court * * * shall consider the victim impact statement in determining the sentence to be imposed upon the offender." Thus, failure to consider the victim impact statement and evidence presented by the prosecutor at the sentencing hearing would have been an error. Therefore, the trial court was permitted to consider the victim impact statements and the DNA evidence for sentencing purposes.

**{¶12}** The second assignment of error is overruled.

### Maximum Consecutive Sentences

**{¶13}** In the first assignment of error, Perrine argues his maximum consecutive prison term is contrary to law because it fails to comport with the purposes and principles of sentencing as articulated in R.C. 2929.11(A). He also contends the court failed to make the findings required by R.C. 2929.14(C) for the imposition of consecutive sentences.

**{¶14}** We review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 8-10. Under R.C. 2953.08, an appellate court may reverse, modify, or vacate the imposition of consecutive sentences if: (1) the sentence is "otherwise contrary to law;" or (2) the appellate court clearly and convincingly finds that the record does not support the

sentencing court's findings under R.C. 2929.14(C)(4). *Venes* at ¶ 11; R.C. 2953.08(G)(2).

{¶15} R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." R.C. 2929.11(A) directs the trial court to use "the minimum sanctions the court determines accomplish those purposes without imposing an unnecessary burden on state or local resources." *Id.* Nonetheless, the sentence imposed must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶16} The sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *State v. Arnett*, 88 Ohio St.3d 208, 213, 724 N.E.2d 793 (2000). R.C. 2929.12 provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. *State v. Samuels*, 8th Dist. Cuyahoga No. 88610, 2007-Ohio-3904, ¶ 14. The list includes, but is not limited to, findings that: (1) the victim's mental injury "was exacerbated because of * * * the age of the victim," (2) the victim suffered serious psychological injury as a result of the offense,

and (3) "the offender's relationship with the victim facilitated the offense." R.C. 2929.12(A)(1), (2), and (6). R.C. 2929.12(A) also permits the court to consider "any other factors that are relevant to achieving the purposes and principles of sentencing."

{¶17} In accordance with R.C. 2929.11 and 2929.12, the trial court found that the victim suffered serious psychological injuries that were exacerbated by the fact that she was 11 years old at the time the offenses were committed. The court noted that S.K. was diagnosed with post-traumatic stress disorder, chronic major depressive disorder, and an eating disorder as a result of Perrine's actions. The court also found that Perrine's relationship as S.K.'s stepfather facilitated the offenses and that other children were in the home when the offenses were committed. The court commented that after reporting the crimes, S.K. attempted suicide on two occasions, suffered nightmares, and committed self-mutilation.

{¶18} Perrine argues the court failed to consider the mitigating factors enumerated in R.C. 2929.12(C). R.C. 2929.12(C) requires the trial court to consider the certain factors that suggest the offender's conduct is less serious than conduct normally constituting the offense. These factors include: (1) whether the victim facilitated the offense, (2) whether the victim provoked the offense, (3) the victim suffered physical harm, and (4) any other mitigating factors. *Id.*

{¶19} In this case, the trial court considered those factors and determined that "none of the less serious factors in this matter apply." S.K. did not induce or facilitate the offense, S.K. did not provoke the offense, and there were no grounds mitigating the

seriousness of Perrine's offenses. Although S.K. did not suffer physical harm, the court found serious psychological injuries. Therefore, the court considered the mitigating factors enumerated in R.C. 2929.12(C) and determined that they failed to mitigate the seriousness of Perrine's conduct.

{¶20} R.C. 2929.12(D) lists recidivism factors the court must consider to determine whether the defendant is likely to reoffend. These factors include, inter alia, whether the defendant has a history of criminal convictions and whether the defendant shows no remorse. Although the psychologist who evaluated Perrine indicated that he posed a low risk of recidivism on the Static 99 test, which is used to assess the likelihood of sexual recidivism, there was evidence that Perrine sexually assaulted S.K. more than once. Perrine also admitted that he had a prior assault conviction as a juvenile. Despite his score on the Static 99 test, evidence that Perrine committed multiple offenses weighs in favor of recidivism.

{¶21} The court found that Perrine showed no remorse and made derogatory comments to the interviewer who authored the mitigation report. Moreover, the court found that Perrine attempted to contact the victim and her family in violation of court orders. It was reasonable for the court to conclude that such an attitude and behavior are indicative of recidivism.

{¶22} Finally, the court must consider the factors set forth in R.C. 2929.12(E) that indicate an offender is less likely to reoffend. These factors include the absence of a criminal record and genuine remorse. As previously stated, Perrine showed no remorse.

The trial court found that Perrine continued to deny culpability even though his DNA was found in the victim's underwear. And although Perrine has no criminal record, this is only one factor of many that the court must consider when selecting a sentence in accordance with the purposes and principles of sentencing. Accordingly, we find the trial court considered all the required factors set forth in R.C. 2929.11 and 2929.12.

{¶23} Perrine also argues his consecutive sentence is contrary to law because the trial court failed to make findings required by R.C. 2929.14(C) for the imposition of consecutive sentences.

{¶24} R.C. 2929.14(C)(4) requires a sentencing judge to make three distinct findings before imposing consecutive sentences, in addition to whatever findings the judge makes with respect to the purposes and goals of sentencing. *Id.* ¶ 17. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(C)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the three fact scenarios outlined in R.C. 2929.14(C)(4)(a)-(c) applies. The failure to make these findings is "contrary to law." *Venes* at ¶ 12.

{¶25} Perrine concedes the trial court properly found that consecutive sentences are necessary to protect the public and that consecutive sentences are not disproportionate

to the seriousness of the conduct and danger Perrine poses to the public. He contends that the finding required by R.C. 2929.14(C)(4)(a)-(c) is absent from the record.

{¶26} However, R.C. 2929.14(C)(4)(b) authorizes the court to impose consecutive sentences if the court finds that consecutive sentences are necessary to protect the public, not disproportionate to the seriousness of the defendant's conduct, and

> at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶27} Perrine conceded, and the court noted, that his convictions for one count of abduction and two counts of gross sexual imposition were not allied offenses that would merge for sentencing. Therefore, Perrine's multiple convictions "were committed as part of one or more courses of conduct." The court further found:

> The Defendant's claiming that the victim made this story up, this was an effort to initiate a divorce. That really does not explain * * * the * * * severe trauma and diagnosis that this victim has. So it's really not consistent with what this victim is reporting and has done to herself and attempted to have done to herself, mainly attempting to kill herself, cut herself, burn herself as a result of the acts here. * * * And once again, being a little bit repetitive here, the Court does find in this case the harm is so great or unusual that a single term would not adequately reflect the seriousness of the conduct.

Thus, despite Perrine's argument otherwise, the trial court made findings required by R.C. 2929.14(C)(4)(b) and made all the findings required under R.C. 2929.14(C) for the imposition of consecutive sentences.

{¶28} Accordingly, we overrule the first assignment of error.

**{¶29}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, P.J., and
EILEEN A. GALLAGHER, J., CONCUR