[Cite as *State v. Blackley*, 2014-Ohio-3140.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100574**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MATTHEW BLACKLEY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-572013-A

**BEFORE:** Rocco, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 17, 2014

-i-

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender
By:   Cullen Sweeney
         John T. Martin
Assistant Public Defenders
310 Lakeside Avenue
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Kristin Karkutt
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

**{¶1}** Defendant-appellant Matthew Blackley appeals from the sentence he received after he pleaded guilty to a charge of gross sexual imposition and a charge of interference with custody.

**{¶2}** Blackley presents one assignment of error. He argues that the sentence imposed is contrary to law because the trial court imposed a prison term of the same length on him as the court did on his codefendant, Devon McIntyre, who pleaded guilty to a charge of rape. Blackley asserts that his sentence is disproportionate to the crime committed.

**{¶3}** Upon a review of the record, this court cannot find error. Consequently, Blackley's sentence is affirmed.

**{¶4}** Blackley and McIntyre originally were charged in this case on four counts, viz., forcible rape of a child under the age of 13, which carried a penalty of life in prison, kidnapping with a sexual motivation specification, interference with custody, and contributing to the delinquency of a child. Both men pleaded not guilty to the charges.

**{¶5}** The record reflects McIntyre subsequently changed his plea to guilty to the rape count and one of the misdemeanor counts in exchange for the state's dismissal of the others. While McIntyre awaited sentencing, Blackley chose to reject the same offer from the state and to take the case to a jury trial.

**{¶6}** After the victim's mother testified, the state proposed a second offer to Blackley. The state offered to amend the rape charge to a charge of gross sexual

imposition and to dismiss two counts if Blackley would plead guilty to the charge of gross sexual imposition and to the charge of contributing to the delinquency of a child. Blackley decided to accept the state's offer.

{¶7} The trial court conducted a thorough colloquy with Blackley. Blackley acknowledged that he understood that the trial court could impose a prison term from one to five years. The trial court thereafter accepted his pleas and dismissed the other two counts. The trial court then scheduled Blackley's sentencing to take place at the same time as McIntyre's, requested the prosecutor to provide any background information she possessed about Blackley, and also requested the defendants' attorneys to prepare sentencing memoranda.

{¶8} When the trial court called the case for sentencing, it stated that it had reviewed the items provided by counsel. The court heard from the prosecutor, who stated that the victim "always maintained that both defendants forcibly raped her," and the victim's family members, one of whom read a statement that the 11-year old victim composed. The court also heard from the defendants' attorneys and family members. Finally, each of the defendants spoke.

{¶9} McIntyre apologized for his behavior, although he provided an unlikely explanation for it and blamed it on Blackley. Blackley, however, claimed that he had entered his guilty plea only because he "let an 11-year old girl have sex in [his] apartment" and he was "ashamed of it." Blackley also stated his "belief" that the

explanation for the fact that his DNA was on the victim's underwear had to be "cross contamination from some point [when the victim went] in[to] the bathroom."

{¶10} The trial court remained unpersuaded by Blackley's version of the incident. After imposing a five-year prison sentence on McIntyre for the rape conviction, the court also imposed a five-year prison term on Blackley for his gross sexual imposition conviction.

{¶11} Blackley appeals from his sentence with the following single assignment of error.

> I. The trial court imposed a sentence contrary to law and violated Appellant's due process rights when it imposed a maximum sentence upon Appellant that was inconsistent with and disproportionate to the sentence imposed upon his more culpable co-defendant.

{¶12} Blackley argues that his five-year prison sentence for committing gross sexual imposition, a third-degree felony, is disproportionate to the five-year prison sentence McIntyre received for committing rape, a first-degree felony. This court disagrees.

{¶13} In reviewing felony sentences such as the one imposed in this case, the appellate court's standard "is not whether the sentencing court abused its discretion"; rather, only if this court "clearly and convincingly" finds that "the sentence is * * * contrary to law," does this court have the authority to "increase, reduce, or otherwise

modify a sentence * * * or * * * vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2).

{¶14} R.C. 2929.11(B) provides:

A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, *commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim*, and consistent with sentences imposed for similar crimes committed by similar offenders.

(Emphasis added.)

{¶15} Sentencing in Ohio is not accomplished according to a tightly controlled grid system similar to federal sentencing guidelines. *State v. Dawson*, 8th Dist. Cuyahoga No. 86417, 2006-Ohio-1083, ¶ 31. There is a statutory mandate for consistency in sentencing, however, "'consistency does not require that identical sentences be imposed for co-defendants.'" *State v. Harder*, 8th Dist. Cuyahoga No. 98409, 2013-Ohio-580, ¶ 7, and *State v. Drobny*, 8th Dist. Cuyahoga No. 98404, 2013-Ohio-937, ¶ 7, both quoting *State v. Pruitt*, 8th Dist. Cuyahoga No. 98080, 2012-Ohio-5418, ¶ 26.

{¶16} Instead, an appellate court must examine the record, not in order to decide whether the trial court "imposed a sentence that is in lockstep with others," but to determine "whether the sentence is so unusual as to be outside the mainstream of local

judicial practice." *Dawson* at ¶ 31. "[D]istinguishing factors may justify dissimilar treatment." *Id.* Sentences should not be "one size fits all." *State v. Torres*, 8th Dist. Cuyahoga No. 99596, 2013-Ohio-5030, ¶ 83.

{¶17} If the record of this case established that the trial court failed to ensure that Blackley's sentence was "consistent with sentences imposed for similar crimes committed by similar offenders," then the sentence would be contrary to law. This court presumes that the sentence imposed by the trial court is correct absent evidence in the record to the contrary. *State v. Sherman*, 8th Dist. Cuyahoga No. 97840, 2012-Ohio-3958, ¶ 15, citing *State v. Edwards*, 8th Dist. Cuyahoga No. 82327, 2003-Ohio-5503, ¶ 32.

{¶18} In pleading guilty to a charge of rape, McIntyre understood that he faced a potential prison sentence of three to eleven years. Likewise, Blackley understood that by pleading guilty to a charge of gross sexual imposition, he faced possible prison terms ranging from one to five years. Both men thus received sentences within the statutory range for their convictions.

{¶19} Yet Blackley nevertheless disputes the fairness of the sentence the trial court chose to impose simply because McIntyre's sentence mirrored his own. It must be noted that Blackley pleaded guilty to committing gross sexual imposition upon an 11-year-old victim, a fact that would suggest a sentence in the higher end of the spectrum would be appropriate. In addition, the trial court explained its decision to treat Blackley's offense as deserving of harsh punishment by stating:

No sentence I impose here today will ever, ever resolve what happened to [the victim] that night. But [the defendants] will be punished for their conduct.

* * *

The sentence I impose on you two gentlemen should be commensurate with and not demeaning to the seriousness of your conduct and its impact on the victim, and consistent with sentences for similar crimes by similar offenders. * * *

You know, this case disturbs me. It disturbs me because we have a young 11 year old [girl] around in the apartment who is not smart enough to understand what she put herself in, and always trying to be older than what she is.

And she runs into you, Mr. McIntyre. And Mr. McIntyre, she may have told you she was 17. * * * You're not a dumb guy.

You start hanging out with this girl * * * and I don't know exactly what occurred in that apartment. But I do know that your DNA was found on her underwear. * * * [Y]ou made a few statements, *you made a statement* that it was consensual, that you had sex with her, *that, yes, you did this*. And then now today you come and tell me Mr. Blackley forced you to do this.

I don't know what occurred that night. But I do know you made a serious error in judgment that night. And you're going to pay for that.

* * *

Mr. Blackley, when I look at you, here, quite frankly, *I don't believe that you were just the scapegoat* and all you did wrong is you pled because you let them into your apartment and they had sex.

You know, you had a chance to try this case, and you accepted a plea to a felony of the third degree. And I think *you got a great break* on the deal. And I look at you * * * . I mean, *you're older, you're smart*, and you should have known better. * * *

* * *

But what troubles me is your father stands here and is apologizing for you, apologizing to the victim. But *I don't hear an apology from you*, except cross-contamination and I pled and that's it. I mean *I heard more from your father than I did from you. And that bothers me.*

(Emphasis added.)

**{¶20}** From the foregoing comments, the trial court clearly decided that Blackley needed a "stiffer" sentence for his conviction because, while McIntyre admitted committing a crime and expressed his regret for harming the victim by his behavior, Blackley lacked appropriate remorse for his role, whatever it was, in the incident. *State v. Perrine*, 8th Dist. Cuyahoga No. 99534, 2013-Ohio-5738, ¶ 22.

**{¶21}** Under these circumstances, this court cannot find that Blackley's sentence is contrary to law. His assignment of error, accordingly, is overruled.

**{¶22}** The sentence is affirmed.

It is ordered that appellee recovers from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR