[Cite as *State v. Ware* , 2018-Ohio-2294.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106176**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DEVONTAE WARE**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-613905-B

**BEFORE:** E.A. Gallagher, A.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** June 14, 2018

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Kelly N. Mason
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, A.J.:

{¶1} Defendant-appellant Devontae Ware appeals his sentence after he pled guilty to one count of aggravated robbery with a one-year firearm specification. He contends that his seven-year sentence violates the principles and purposes of sentencing under R.C. 2929.11 because it is inconsistent with, and disproportionate to, the lesser sentence imposed on his codefendant for his role in the same robbery. Ware also contends that his sentence is contrary to law because the trial court failed to consider the relevant seriousness and recidivism factors set forth in R.C. 2929.12(B) and (E) during sentencing. Ware requests that his sentence be modified to match the sentence imposed on his codefendant or that his sentence be vacated and the case remanded for resentencing. For the reasons that follow, we affirm the trial court's judgment.

**Factual and Procedural Background**

{¶2} On February 8, 2017, Ware and Nathaniel Hill were charged by a Cuyahoga County Grand Jury in a five-count indictment arising out of a robbery of a Huntington Bank branch in Brooklyn, Ohio. On November 28, 2016, Ware and Hill used a gun to rob a bank teller stealing approximately $3,000 in cash. They were each charged with two counts of aggravated robbery, two counts of kidnapping and one count of theft. Each of the charges included one-year and three-year firearm specifications.

{¶3} On June 22, 2017, Ware pled guilty to an amended count of aggravated robbery, a first-degree felony, with a one-year firearm specification. The remaining counts were nolled. The court ordered a presentence investigation report ("PSI") and scheduled the case for sentencing. A sentencing hearing was held on July 17, 2017.

**{¶4}** At the sentencing hearing, the state described the events that led to the charges against Ware and Hill. The state indicated that Ware was the one who held the gun and pointed it at the teller's chest during the robbery. Defense counsel asserted that the gun was a "toy gun * * * made to look real" and that it was "not capable of any projectiles going through it." The state disputed this claim and indicated that the firearm has never been recovered. Ware had no prior criminal record. Ware addressed the court and acknowledged the "big mistake" he had made. He apologized for his actions and the harm he had caused the bank, the bank's employees and his family. Although none of the victims appeared at the sentencing hearing, the trial court noted that one of the bank tellers had submitted a victim impact statement in which she indicated that the incident had given her "nightmares and playbacks of the defendant and the codefendant [sic] yelling at her," had caused her to have "panic attacks whenever she sees someone with a yellow hoodie" and that "doing her job is difficult because she pictures this scene over and over in her head."

**{¶5}** The trial court sentenced Ware to an aggregate prison sentence of seven years — one year on the firearm specification to be served prior to and consecutive to six years on the underlying aggravated robbery offense — and five years' mandatory postrelease control. The trial judge indicated that in sentencing Ware she considered the record, the oral statements by the state, Ware and defense counsel, the PSI, the victim impact statement, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and the offender under R.C. 2929.12 and the need for deterrence, incapacitation, rehabilitation and restitution. The trial court's July 17, 2017 sentencing journal entry further reflects that, in sentencing Ware, the trial court "considered all required factors of the law."

**{¶6}** Ware appealed his sentence, raising the following assignment of error for review:

The trial court erred in imposing a sentence which was contrary to the principles and purposes of the felony sentencing guidelines in that the sentence was not proportionate to the offender's conduct and was inconsistent with that of his co-defendant.

**Law and Analysis**

{¶7}  In his sole assignment of error, Ware argues that his sentence is contrary to law because the trial court failed to properly consider and apply the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12 when sentencing him.   Ware's arguments are meritless.

{¶8} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21-23 ("R.C. 2953.08 specifically and comprehensively defines the parameters and standards—including the standard of review—for felony-sentencing appeals.").   Under R.C. 2953.08(G)(2), an appellate court must "review the record, including the findings underlying the sentence * * * given by the sentencing court."   An appellate court "may increase, reduce, or otherwise modify a sentence" or it may vacate a sentence and remand the matter to the trial court for resentencing if it "clearly and convincingly" finds either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or (2) "the sentence is otherwise contrary to law."   R.C. 2953.08(G)(2); *Marcum* at ¶ 1, 21-23.   A sentence is contrary to law if the sentence falls outside the statutory range or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.   *See, e.g., State v. Pawlak*, 8th Dist. Cuyahoga No.

103444, 2016-Ohio-5926, ¶ 58; *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 8, citing *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10. When a sentence is imposed "solely after consideration of the factors in R.C. 2929.11 and 2929.12," "[a]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23; *see also State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178, ¶ 1.

{¶9} In this case, there is no dispute that Ware's sentence is within the statutory range.

{¶10} Pursuant to R.C. 2929.11(B), a sentence imposed for a felony must be "reasonably calculated" to achieve "two overriding purposes" of felony sentencing "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." Those two purposes are: (1) "to protect the public from future crime by the offender and others" and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A).

{¶11} A court imposing a sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). The sentencing court, however, must consider various seriousness factors set forth in R.C. 2929.12(B) and (C) and recidivism factors set forth in R.C. 2929.12(D) and (E) in determining the most effective way to comply with the purposes of sentencing set forth in R.C. 2929.11.

**{¶12}** Although the trial court must consider both the principles and purposes of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12 when sentencing a defendant on a felony, the trial court is not required to use particular language or to make specific findings on the record demonstrating its consideration of those purposes, principles and factors. *See, e.g., State v. Gaines*, 8th Dist. Cuyahoga No. 103476, 2016-Ohio-4863, ¶ 11. Even where a trial court does not reference its consideration of R.C. 2929.11 and 2929.12 at the sentencing hearing or in its sentencing journal entry, this court has held that it can be presumed that the trial court considered the relevant sentencing factors under R.C. 2929.11 and 2929.12 unless the defendant affirmatively shows otherwise. *See, e.g., State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13; *see also State v. Rogers*, 8th Dist. Cuyahoga No. 100903, 2014-Ohio-4573, ¶ 4.

### Inconsistent and Disproportionate Sentence

**{¶13}** Ware argues that his sentence violates R.C. 2929.11(B) and is, therefore, contrary to law because it is "inconsistent with and disproportionate to" the sentence imposed on his codefendant, Hill, "for the same conduct." As this court explained in *State v. Moore*, 2014-Ohio-5135, 24 N.E.3d 1197, ¶ 17, 20 (8th Dist.), although they are at times used interchangeably, inconsistency and disproportionality in sentencing are, in fact, distinct concepts. For purposes of R.C. 2929.11(B), "consistency" involves the defendant's sentence "in the context of sentences given to other defendants," i.e., did the defendant receive a sentence similar to those "imposed for similar crimes committed by similar offenders." *Id.*; R.C. 2929.11(B). "Proportionality," on the other hand, involves the relationship between the sentence and the defendant's conduct, i.e., is it "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim," or, in other words, "does the punishment fit

the crime." *Moore* at ¶ 17, 20; R.C. 2929.11(B); *see also State v. Smith*, 8th Dist. Cuyahoga No. 95243, 2011-Ohio-3051, ¶ 66 ("A felony sentence should be proportionate to the severity of the offense committed, so as not to 'shock the sense of justice in the community.'"), quoting *State v. Chaffin*, 30 Ohio St.2d 13, 17, 282 N.E.2d 46 (1972).

{¶14} Ware's arguments in this case focus on consistency rather than proportionality. Ware received a seven-year aggregate sentence after pleading guilty to one count of aggravated robbery with a one-year firearm specification (i.e., one year on the firearm specification, to be served prior to and consecutive to, six years on the underlying offense). Hill reportedly received an aggregate four-year sentence after pleading guilty to one count of robbery with a one-year firearm specification (i.e., one year on the firearm specification, to be served prior to and consecutive to, three years on the underlying offense). Ware asserts that it is "unfair" that he received a longer sentence and that this "disparate treatment" violates R.C. 2929.11(B).

{¶15} Although there appears to be no dispute regarding the relevant facts, information regarding Hill's guilty plea and sentence is not part of the record in this appeal.[1] Ware did not raise any issue in the trial court that his sentence was not "commensurate with * * * the seriousness of the offender's conduct and its impact upon the victim" or not "consistent with sentences imposed for similar crimes committed by similar offenders," R.C. 2929.11(B). Further, he did not present any evidence below "as to what a 'proportionate sentence' might be." *See, e.g., State v. Theodorou,* 8th Dist. Cuyahoga No. 105630, 2017-Ohio-9171, ¶ 16 ("In order to support a contention that his or her sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some

[1] On December 22, 2017, Ware filed a motion to supplement the record, without any supporting argument or authority, requesting that a copy of the July 25, 2017 journal entry sentencing Hill and information regarding Hill's "prior criminal history" be added to the record on appeal. On April 17, 2018, this court denied the motion.

evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal."); *see also State v. Justen*, 8th Dist. Cuyahoga No.105856, 2018-Ohio-101, ¶ 25-26 (no meritorious issue for appeal based on R.C. 2929.11(B) where record contained "no evidence indicating that the sentence imposed * * * was inconsistent with or disproportionate to any sentences imposed for similar crimes by similar offenders"). Ware simply contends that his sentence is "inconsistent" and "disproportionate" because, after he was sentenced, Hill received a shorter sentence.

{¶16} Even if we could take judicial notice of the sentencing journal entry setting forth Hill's sentence, s*ee, e.g., State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 19, fn. 2; *State v. Parsley*, 10th Dist. Franklin No. 09AP-612, 2010-Ohio-1689, ¶ 47, fn. 3, we would find no reversible error based on the purported inconsistency between Ware's and Hill's sentences.

{¶17} The fact that a defendant receives a longer prison sentence than a codefendant does not, in and of itself establish a violation of the consistency requirement. *State v. Cargill*, 8th Dist. Cuyahoga No. 103902, 2016-Ohio-5932, ¶ 13; *see also Moore*, 2014-Ohio-5135, 24 N.E.3d 1197, at ¶ 17 ("[A] sentence is not contrary to law because the trial court failed to impose a sentence that is the same as [that imposed on] another offender who committed similar conduct.'"), quoting *State v. Graham*, 12th Dist. Warren No. CA3013-07-066, 2014-Ohio-1891, ¶ 15; *State v. Blacked*, 8th Dist. Cuyahoga No. 100574, 2014-Ohio-3140, ¶ 15 (Although "[t]here is a statutory mandate for consistency in sentencing," consistency does not require "identical sentences" for codefendants.). As this court further explained in *Cargill*:

> [C]ourts have not interpreted the notion of consistency to mean equal punishment for codefendants. *State v. Harder*, 8th Dist. Cuyahoga No. 98409, 2013-Ohio-580, ¶ 7. Consistency is not synonymous with uniformity. *State v.*

*Black*, 8th Dist. Cuyahoga No. 100114, 2014-Ohio-2976, ¶ 12. Rather, the consistency requirement is satisfied when a trial court properly considers the statutory sentencing factors and principles. *State v. O'Keefe*, 10th Dist. Franklin Nos. 08AP-724, 08AP-725 and 08AP-726, 2009-Ohio-1563, ¶ 41. "'[C]onsistency is achieved by weighing the factors enumerated in R.C. 2929.11 and 2929.12 and applying them to the facts of each particular case.'" *State v. Wells*, 8th Dist. Cuyahoga No. 100365, 2014-Ohio-3032, ¶ 12, quoting *State v. Lababidi*, 8th Dist. Cuyahoga No. 100242, 2014-Ohio-2267, ¶ 16. Consistency "'requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable.'" *State v. Georgakopoulos*, 8th Dist. Cuyahoga No. 81934, 2003-Ohio-4341, ¶ 26, quoting *State v. Quine*, 9th Dist. Summit No. 20968, 2002-Ohio-6987, ¶ 12._

"Consistency accepts divergence within a range of sentences and takes into consideration the trial court's discretion to weigh statutory factors." *State v. Hyland*, 12th Dist. Butler No. CA2005-05-103, 2006-Ohio-339. *See also State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954; *State v. Armstrong*, 2d Dist. Champaign No. 2015-CA-31, 2016-Ohio-5263; *State v. Murphy*, 10th Dist. Franklin No. 12AP-952, 2013-Ohio-5599, ¶ 14. "Although the offenses may be similar, distinguishing factors may justify dissimilar treatment." *State v. Dawson*, 8th Dist. Cuyahoga No. 86417, 2006-Ohio-1083, ¶ 31._

*Id.* at ¶ 11-12.

**{¶18}** Ware and Hill pled guilty to different offenses. Ware pled guilty to aggravated robbery, a first-degree felony. Hill pled guilty to robbery, a second-degree felony. Although there is limited information in the record regarding what role Hill played in the robbery, we know that it was Ware, and not Hill, who brandished the gun and pointed the gun at the chest of a bank teller. Further, there is no information in the record regarding any of the other factors relevant to imposing a sentence on Hill.

**{¶19}** Ware argues that this case is analogous to *Moore* and warrants a similar result. In *Moore*, Moore and his codefendant Chaney robbed the Hard Rock Café. 2014-Ohio-5135, 24 N.E.3d 1197, at ¶ 1. Two employees were held at gunpoint and bound with duct tape and the men escaped with $14,000 in cash taken from a safe. *Id.* Chaney, who "masterminded" the robbery and carried the gun, pled guilty to and received concurrent nine-year prison terms on

each count (with no firearm specifications).  *Id.* at ¶ 2.  Moore went to trial and, after a prior appeal and remand for resentencing, was resentenced to three consecutive eight-year prison terms and a three-year firearm specification (to be served prior to and consecutive to the sentences on the underlying offenses), resulting an aggregate prison term of 27 years.  *Id.* at ¶ 2-3.  On appeal after the resentencing, this court clearly and convincingly found that the record did not support the trial court's finding that consecutive sentences were not disproportionate to the seriousness of Moore's conduct and to the danger he poses to the public.  Pursuant to its authority in R.C. 2953.08(G)(2), the court modified Moore's sentences, ordering that his sentences on all counts except the firearm specification be served concurrently.  *Id.* at ¶ 40-41.

{¶20} This case is readily distinguishable from *Moore*.  Unlike in this case, Moore's codefendant's actions in committing the offenses at issue were more egregious than Moore's actions, i.e., Chaney was the "mastermind" and carried the gun.  Further, the difference in the length of the two defendant's sentences resulted from the court running Moore's sentences consecutively.  In this case, Ware and Hill were each sentenced on a single count; there is no issue involving consecutive sentences.

### Consideration of Seriousness and Recidivism Factors under R.C. 2929.12

{¶21}  Ware also contends that his sentence is contrary to law because the trial court failed to consider the relevant seriousness and recidivism factors set forth in R.C. 2929.12 during sentencing.  Ware argues that because none of the seriousness factors under R.C. 2929.12(B) applied and  because all of the factors under R.C. 2929.12(E) (which suggest that recidivism is

less likely) did apply, he should have received a shorter sentence like that imposed on his co-defendant.[2]

{¶22} Ware has made no showing that the trial court did not comply with its obligation to consider all of the relevant sentencing factors under R.C. 2929.12 when sentencing him. In this case, the trial judge expressly stated on the record at the sentencing hearing that she had considered the "purposes and principles purposes of sentencing under [R.C.] 2929.11" and the "seriousness and recidivism factors relevant to the offense and the offender pursuant to [R.C.] 2929.12" prior to sentencing Ware. The trial court further indicated in its sentencing journal entry that it had "considered all required factors of the law." The record reflects that the trial judge reviewed the PSI and was aware that Ware had no prior criminal record prior to sentencing. Both Ware and his counsel addressed the trial court, and the trial judge heard Ware's claims of responsibility and remorse at the sentencing hearing. However, the trial judge also noted the serious, lasting impact Ware's actions had on one of his victims. This was sufficient to comply with the trial court's obligations under R.C. 2929.12.

{¶23} On the record before us, we cannot say that Ware's sentence is clearly and convincingly contrary to law or that the record clearly and convincingly does not support his sentence. Accordingly, Ware's assignment of error is overruled.

{¶24} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

---

[2] Ware also asserts in passing that his sentence violates R.C. 2929.11 because the trial court "failed to consider the impact of [his] sentence on government resources." Because Ware did not include any argument or authority related to this issue in his brief, we are entitled to disregard it pursuant to App.R. 16(A)(7). Even if we were to consider the issue, there is nothing in the record that would support the conclusion that Ware's sentence is clearly and convincingly contrary to law or that the record clearly and convincingly does not support his sentence on that basis.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY