[Cite as *State v. Ware*, 2019-Ohio-146.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106176**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DEVONTAE WARE**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-17-613905-B
Application for Reopening
Motion No. 523010

**RELEASE DATE:**    January 14, 2019

**FOR APPELLANT**

Devontae Ware, pro se
Inmate No. 700959
Lake Erie Correctional Institution
P.O. Box 8000
501 Thompson Road
Conneaut, Ohio   44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Anthony T. Miranda
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


EILEEN A. GALLAGHER, P.J.:

**{¶1}** Applicant, Devontae Ware, seeks to reopen his appeal where his conviction for aggravated robbery was affirmed by this court in *State v. Ware*, 8th Dist. Cuyahoga No. 106176, 2018-Ohio-2294.   Ware's untimely application asserts that appellate counsel was ineffective for failing to raise three proposed assignments of error: That his due process rights were violated, that trial counsel was ineffective for not explaining his conviction carried a mandatory sentence and that counsel misled him into believing that he was eligible for early release or community control.   We deny the application.

**Factual and Procedural Background**

**{¶2}** Ware and codefendant, Nathaniel Hill, were charged with crimes related to the robbery of a bank.   Ware pled guilty to one count of aggravated robbery and was sentenced to a seven-year prison term.   *Id*. at _ 2-6.   He appealed his sentence arguing that it was contrary to law, it was disproportionate to his conduct and it was inconsistent with that of his codefendant.

On June 14, 2018, this court overruled his assignment of error and affirmed his conviction. *Id.* at _ 24.

{¶3} On November 16, 2018, Ware filed the instant application for reopening which the state timely opposed.

**Law and Analysis**

{¶4} App.R. 26(B) provides a limited opportunity for an applicant to reopen an appeal to assert a claim that appellate counsel was ineffective. However, "App.R. 26(B)(2)(b) requires an application filed more than ninety days after journalization of the appellate judgment sought to be reopened to show good cause for the untimely filing." *State v. Reddick*, 72 Ohio St.3d 88, 90, 1995-Ohio-249, 647 N.E.2d 784. This deadline has been strictly applied. *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, _ 9. The failure to establish good cause requires this court to deny the application. *State v. White*, 8th Dist. Cuyahoga No. 101576, 2017-Ohio-7169, _ 6.

{¶5} One hundred fifty-five days passed between the journalization of the appellate decision and the filing of the application to reopen. Therefore, Ware is required to establish good cause for the untimely filing.

{¶6} In an effort to show good cause, Ware asserts that he is actually innocent of the charged crime and, therefore, the 90-day time limit for filing an application to reopen should be excused. In support, he cites a number of federal cases including *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 120 L.Ed.2d 808 (1995) (dealing with successive habeas corpus petitions and strong evidence of actual innocence); *Souter v. Jones*, 395 F.3d 577 (6th Cir.2005); *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir.2004); and *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000). However, these cases do not address the standards for good cause for an untimely filed application to reopen an appeal under App.R. 26(B). A claim of innocence goes to the

merits of an application, not to good cause for delayed filing. It does not have any bearing on the ability of a person to timely file an application.

{¶7} Further, Ware's claim of actual innocence relies on evidence that was not in the record before the trial court. Ware attached an affidavit to his application from his codefendant, dated July 17, 2018. It averred that Ware was not involved in the robbery of the bank. This new evidence was not part of the record before the trial court. This purported new evidence cannot properly support a claim that appellate counsel was ineffective. *State v. Davis*, 10th Dist. Franklin No. 09AP-869, 2011-Ohio-1023, _ 27. Appellate counsel cannot be ineffective for failing to raise and argue evidence that did not exist at the time of the appeal. "Such an argument could be proper for consideration in a post-conviction petition or perhaps a habeas corpus petition, but not in the instant application to reopen." *Id*. Therefore, Ware's claim of actual innocence is inappropriate for an application for reopening and does not constitute good cause for untimely filing.

{¶8} Accordingly, the application for reopening is denied.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR