[Cite as *State v. Harder*, 2013-Ohio-580.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98409**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT HARDER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-555501

**BEFORE:** S. Gallagher, P.J., Blackmon, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** February 21, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By: John T. Martin
Assistant Public Defender
Courthouse Square Suite 200
310 Lakeside Avenue
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Gregory Mussman
        Denise J. Salerno
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant, Robert Harder ("defendant"), appeals his sentence, arguing that it is contrary to law because he asserts it is inconsistent with the sentence the trial court imposed on one of his codefendants. For the reasons that follow, we affirm.

**{¶2}** In this case, defendant was indicted along with two codefendants, Erick Stewart, III ("Stewart")[1] and Darrick L. Jones ("Jones"). Defendant pled guilty to two counts of aggravated burglary, abduction, and attempted rape. The court referred defendant to the probation department for a presentence investigation report.

**{¶3}** Codefendants Jones and Stewart pled guilty to two counts of aggravated burglary and abduction with firearm specifications.[2]

**{¶4}** Defendant received a six-year prison term; Stewart received a five-year prison term; and Jones received an eleven-year prison term. Defendant appeals his sentence and asserts the following assignment of error for our review:

> Appellant's sentences on counts one and three are contrary to law and violate due process because the trial court failed to consider whether the sentence was consistent with sentences imposed for similar crimes committed by co-defendant Stewart and because the sentences imposed are inconsistent with Stewart's sentences on those counts.

---

[1] Sometimes the record refers to this codefendant as "Erick Stewar, II."

[2] Jones pled guilty to three-year firearm specifications, and Stewart pled guilty to a one-year firearm specification.

**{¶5}** A review of felony sentencing involves a two-step analysis: (1) whether the trial court complied with all applicable rules and statutes to determine if the sentence was clearly and convincingly contrary to law; and (2) whether the trial court abused its decision by imposing the sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.

**{¶6}** Defendant contends that the trial court failed to consider consistency among sentences as required by R.C. 2929.11(B). Particularly, defendant argues that he should have received the same sentence as Stewart received for the two counts of aggravated burglary. While Stewart received a five-year sentence on those counts, it included a one-year consecutive term for a firearm specification. Accordingly, defendant argues that he should have received four years on those counts, rather than the six-year term that the court imposed on him. Defendant fails to address the eight-year prison term that Jones received on those counts.

**{¶7}** There is a distinction between consistent and identical sentences, which was noted by this court in *State v. Georgakopoulos*, 8th Dist. No. 81934, 2003-Ohio-4341, ¶ 26:

> "The legislature's purpose for inserting the consistency language contained in R.C. 2929.11(B) is to make consistency rather than uniformity the aim of the sentencing structure. See Griffin and Katz, Ohio Felony Sentencing Law (2001), 59. Uniformity is produced by a sentencing grid, where all persons convicted of the same offense with the same number of prior convictions receive identical sentences. Id. Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of 'consistency,' two defendants convicted of the same

offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment."

*Id.*, quoting *State v. Quine*, 9th Dist. No. 20968, 2002-Ohio-6987; *see also State v. Rowland*, 1st Dist. No. C-000592, 2001 Ohio App. LEXIS 2088 (May 11, 2001) ("Although we acknowledge the statutory mandate for consistency in sentencing, consistency does not require that identical sentences be imposed for co-defendants."); *State v. Pruitt*, 8th Dist. No. 98080, 2012-Ohio-5418, ¶ 26, citing *State v. Marshall*, 8th Dist. No. 89551, 2008-Ohio-1632; *State v. Klepatzki*, 8th Dist. No. 81676, 2003-Ohio-1529; *State v. Richards*, 8th Dist. No. 83696, 2004-Ohio-4633; *State v. Harris*, 8th Dist. No. 83288, 2004-Ohio-2854; *State v. Dawson*, 8th Dist. No. 86417, 2006-Ohio-1083 (although an offense may be similar, distinguishing factors may justify dissimilar treatment); *State v. Nelson*, 11th Dist. No. 2008-L-072, 2008-Ohio-5535 (no requirement that codefendants receive equal sentences).

{¶8} There is a disparity among the sentences imposed among the codefendants in this case, with the most notable deviation being for Jones, who received an eleven-year prison term. Jones received an eight-year prison sentence on the aggravated burglary counts, plus an additional three-year consecutive term for the gun specification. Defendant's sentence was significantly less than Jones's sentence on the same counts. In this appeal, however, defendant only focuses his arguments upon the difference between the six-year prison sentence he received for the aggravated burglary counts in comparison to the five-year prison term imposed on codefendant Stewart.

{¶9} A review of the record reflects that the sentences imposed on defendant and Stewart are consistent. The trial court did consider the sentences imposed on the other offenders. First, the state explicitly referred the trial court to the victim impact statements given at Stewart's and Jones's hearings. The trial court had imposed sentence on the codefendants before sentencing defendant. True, defendant received a slightly greater sentence on the aggravated burglary counts than Stewart did, but his behavior was different, which the state pointed out at defendant's sentencing hearing. Specifically, defendant bound a victim with a necktie and also attempted to rape her during the course of the aggravated burglary. Neither of the other codefendants engaged in that type of behavior. Secondly, the state noted that defendant had items from the homes of both victims in his possession, including clothes he had been wearing and jewelry. Also, the record reflects that the trial court did take into consideration factors specific to defendant in fashioning the sentence. For example, the court reviewed defendant's presentence investigation report. Defense counsel indicated that this was defendant's "first criminal act as an adult." Defendant is 19 years old. The court also considered letters and comments from defendant's family.

{¶10} Before imposing sentence, the trial court cited the letters from defendant's family and defendant's limited felony record in determining that a maximum sentence would be inappropriate. However, the court indicated that the crimes were very serious. Defendant suggests that he received a package sentence as discussed in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824. He did not. The trial court properly

imposed a separate sentence for each individual offense: a six-year prison sentence was imposed for the aggravated burglary counts, along with concurrent two-year prison terms on the remaining charges.

{¶11} Defendant has not established that his sentence is contrary to law or that the trial court abused its discretion by imposing it. This assignment of error is overruled.

{¶12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
TIM McCORMACK, J., CONCUR