[Cite as *State v. Lababidi*, 2014-Ohio-2267.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100242

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAHER LABABIDI

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568959-A

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** May 29, 2014

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road, Suite 300
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Brett Kyker
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Maher Lababidi ("Lababidi"), appeals his sentence. We find no merit to the appeal and affirm.

{¶2} In November 2012, the Cuyahoga County Grand Jury returned a 52-count indictment against Lababidi. Counts 1, 49, and 50 charged Lababidi with illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(1). Counts 2 and 3 charged him with pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(2). Counts 4 through 48, and Count 51 charged Lababidi with pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(1). Count 52 charged Lababidi with possession of criminal tools in violation of R.C. 2923.24(A).

{¶3} Lababidi pleaded guilty to Counts 1 through 12 and Count 52 of the indictment, and the remaining counts were nolled. As part of the plea agreement, Lababidi agreed that the offenses were not allied offenses of similar import. The court advised Lababidi of his registration requirements as a Tier II sex offender, and sentenced him to an aggregate seven-year consecutive prison term. Lababidi now appeals and raises two assignments of error.

**Sentencing Entry**

{¶4} In the first assignment of error, Lababidi argues the journal entry does not reflect the sentence the court pronounced at the sentencing hearing. He contends that

while the court imposed a seven-year consecutive sentence at the hearing, the journal entry sets forth only a four-year aggregate prison term.

{¶5} At the sentencing hearing, the court sentenced Lababidi as follows:

[O]n Count 1, illegal use of a minor in nudity oriented material or performance, a felony of the second degree, there is, again, a presumption in favor of prison, and you did plead guilty to 12 felonies of the second degree.

I do find that a two-year sentence is appropriate on Count 1.   On Counts 2 and 3, pandering sexually oriented matter involving a minor in violation of 2907.322(A)(2), also a felony of the second degree, I'm going to impose a prison sentence of two years on both Counts 2 and 3.

Counts 4 through 12, pandering sexually oriented matter involving a minor in violation of 2907.322(A)(1), also a felony of the second degree, I'm going to impose a two-year prison sentence on each of those counts; and on Count 52 possessing criminal tools, a felony of the fifth degree, I am going to impose a prison sentence of one year.
Counts 1, Counts 2 and 3, Counts 4 through 12 are all going to run consecutive to one another, as well as Count 52.   Counts 4 through 12 will run concurrent to one another.   Counts 2 and 3 will run concurrent to one another, so your total prison sentence will be 7 years.

{¶6} The court's sentencing journal entry states, in relevant part:

Defendant sentenced to 2 years prison on Count 1 * * * Defendant sentenced to 2 years prison on counts 2 and 3, * * * Defendant sentenced to 2 years prison on Counts 4 – 12,   * * * Defendant sentenced to 1 year prison on Count 52, * * *.

Counts 2 and 3 to run concurrent to each other.   Counts 4-12 to run concurrent to each other.   Count 1 to run consecutive to Counts 2 and 3, and consecutive to Counts 4-12 and consecutive to Count 52.
{¶7} Despite Lababidi's argument to the contrary, the sentencing entry reflects a seven-year prison term in accordance with the court's pronouncement at the sentencing hearing.   In its entry, the court groups the counts together according to the type of

offense charged in those counts and identifies the sentences on each of the groups. The entry orders the counts within a particular group to be served concurrently; two years on Count 1, two years on Counts 2 and 3, two years on Counts 4 through 12, and one year on Count 52. Finally, the sentencing entry states that Count 1 (two years) shall run consecutive to Counts 2 and 3 (two years), which shall run consecutive to Counts 4 through 12 (two years), and consecutive to Count 52 (one year). The sum of these separate sentences is seven years as the court stated in open court at the sentencing hearing.

{¶8} Therefore, the first assignment of error is overruled.

### Consecutive Sentences

{¶9} In the second assignment of error, Lababidi argues his consecutive sentence is inappropriate because it is disproportionate to sentences imposed on other similarly situated defendants. In support of his argument, he submits a list of child pornography cases in Cuyahoga County with their corresponding sentences.

{¶10} R.C. 2953.08(G)(2) states that when reviewing prison sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, the statute permits the appellate court to reverse the trial court's imposition of consecutive sentences upon an offender if we "clearly and convincingly" find that, (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or that, (2) "the sentence is otherwise contrary to law." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 11 (8th Dist.).

**{¶11}** R.C. 2929.11(A) requires that a felony sentence be reasonably calculated to achieve two "overriding purposes" of felony sentencing, which are "to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." In order to achieve these purposes, the sentence imposed for a felony must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

**{¶12}** Although the term "consistency" in R.C. 2929.11(B) has been confused with "proportionality," R.C. 2929.11(B) does not mention the word "proportionality." This court has held that "consistency" in sentencing is not the same as uniformity. *State v. Bonness*, 8th Dist. Cuyahoga No. 96557, 2012-Ohio-474, ¶ 27. We have also held that "a consistent sentence is not achieved from a case-by-case comparison, but the trial court's proper application of the statutory sentencing guidelines." *State v. Sutton*, 8th Dist. Cuyahoga No. 97132, 2012-Ohio-1054, ¶ 17.

**{¶13}** R.C. 2929.14(C)(4) requires a trial court to make three distinct findings when imposing consecutive sentences. Lababidi only challenges the court's duty to find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." "Notably, this finding relates solely to the offender's conduct and not to the conduct of any others — it does not

require the court to compare the offender's conduct to that of others." *State v. Thompson*, 8th Dist. Cuyahoga No. 99628, 2014-Ohio-202, ¶ 25.

{¶14} The constitutional concepts of proportionality, as defined by the Eighth Amendment to the United States Constitution and Article I, Section 9, of the Ohio Constitution, also do not involve a consistency analysis.[1] The constitutional protections against cruel and unusual punishment "'forbid only extreme sentences that are "grossly disproportionate" to the crime.'" *State v. Weitbrecht*, 86 Ohio St.3d 368, 373, 1999-Ohio-113, 715 N.E.2d 167, quoting *Harmelin v. Michigan*, 501 U.S. 957, 997, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Both the constitutional and statutory concepts of proportionality focus on the defendant's conduct and whether the penalty is disproportionate to the seriousness of each particular offense.

{¶15} In *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 13, the Ohio Supreme Court explained:

> "Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time," and "[o]nly after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively."

*Id*. at ¶ 16, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 8-9. Thus, proportionality review "focus[es] on individual sentences rather than on the

---

[1] The Eighth Amendment to the United States Constitution and Ohio Constitution, Article 1, Section 9, both provide: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

cumulative impact of multiple sentences imposed consecutively." *Id*. at ¶ 20. Furthermore, a sentence that falls within the terms of a valid sentencing statute is presumptively valid. *State v. Williams*, 8th Dist. Cuyahoga No. 100042, 2014-Ohio-1618, ¶ 14.

{¶16} The trial court has full discretion to impose a sentence within the statutory range. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. The trial court also has full discretion to order an offender to serve multiple prison terms consecutively as long as it makes all the necessary findings. *State v. Thompson*, 8th Dist. Cuyahoga No. 99628, 2014-Ohio-202, ¶ 23. Since there is currently no sentencing grid requiring courts to impose identical sentences on a particular class of offenders, consistency is achieved by weighing the factors enumerated in R.C. 2929.11 and 2929.12 and applying them to the facts of each particular case. *State v. Moon*, 8th Dist. Cuyahoga No. 93673, 2010-Ohio-4483, ¶ 21.

{¶17} As required by R.C. 2929.11 and 2929.12, the court considered the seriousness and recidivism factors and determined that prison service was necessary to protect the public and to punish Lababidi. With respect to proportionality, the court stated, in relevant part:

> I also find that a consecutive prison term in this case is necessary to protect the community and punish the offender. It is not disproportionate, and I find the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct in that these are crimes against

children that were committed not on just one occasion, but on a number of occasions, and I find that a consecutive prison term is necessary to protect the public in our community.

**{¶18}** Despite Lababidi's argument otherwise, the trial court made the proportionality finding required by R.C. 2929.14(C)(4) for the imposition of Lababidi's consecutive seven-year prison sentence. The sentence is therefore not contrary to law.

**{¶19}** Accordingly, the second assignment of error is overruled.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MELODY J. STEWART, J., CONCUR