[Cite as *State v. Cargill*, 2016-Ohio-5932.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103902**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MARIO CARGILL

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-593983-A

**BEFORE:**   McCormack, J., Keough, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**   September 22, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By: Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Frank Romeo Zeleznikar
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant Mario Cargill appeals from the prison sentence of nine years that he received after pleading guilty to robbery and felonious assault charges. Cargill claims his sentence was inconsistent with the lesser punishment imposed on his codefendant. After a review of the record and applicable law, we find no merit to the appeal and affirm the trial court's judgment.

{¶2} On March 3, 2015, Henry Colon argued with his girlfriend Christa Zychowski, Cargill's codefendant, over money. A physical altercation ensued between the two. After the altercation, Colon left the house, which he shared with his mother. While Colon was gone, Zychowski contacted and sought involvement from her friends Cargill and Cargill's cousin, James Gray. Colon arrived back home around midnight and went to bed. After Colon was sound asleep, Zychowski let Cargill and Gray inside the house. The two men awoke Colon from his sleep and attacked him. Cargill strangled Colon until Colon lost consciousness. Colon came to; Gray then struck him with a shotgun. Cargill and Gray demanded money from Colon, beating him until he surrendered $446 in his possession. The attack awakened Colon's mother, and Cargill and Gray attacked her as well. They then threatened to kill Colon and his mother if they were to contact the police.

{¶3} Gray died a week later in a shooting, an incident that was not tied to the attack on Colon. Cargill and Zychowski were each charged with two counts of

aggravated burglary, two counts of aggravated robbery, two counts of felonious assault, two counts of kidnapping, and accompanying one- and-three-year firearm specifications on each count.

{¶4} Under a plea agreement, Cargill pleaded guilty to one count of robbery, one count of felonious assault, both second-degree felonies, and accompanying one-year firearm specification on each count. There was no jointly agreed-upon sentence in Cargill's plea agreement. In its sentencing memorandum, the state asked the court to impose the maximum prison term.

{¶5} Before sentencing Cargill, the trial court stated that it would take into consideration Cargill's pleading guilty prior to his codefendant Zychowski, though the court did not make any promises regarding Colon's sentence. The court went on to recount Cargill's criminal history, including his convictions of drug possession, probation violation, disorderly conduct, domestic violence, and theft. The court, citing its consideration of the seriousness of the offenses and recidivism factors, imposed the maximum eight years for Cargill's robbery offense and one year for the firearm specification, for a total of nine years. The court also imposed a concurrent five-year term for his offense of felonious assault.

{¶6} Shortly after Cargill was sentenced, his codefendant Zychowski pleaded guilty to the same offenses: one count of robbery, one count of felonious assault, and accompanying one-year firearm specification on each count. In contrast, under

Zychowski's plea agreement, there was a jointly recommended six-year prison term. The trial court imposed six years on her accordingly.

{¶7} When Cargill learned of Zychowski's shorter prison term, he filed a delayed appeal. His sole assignment of error states:

> The sentence imposed here was contrary to law and violated Mario Cargill's right to due process because it was inconsistent with and disproportionate to the sentence the same judge imposed on his equally culpable codefendant.

{¶8} When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002. R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings or the sentence is otherwise "contrary to law."

{¶9} A sentence is "contrary to law" if the sentence falls outside the statutory range for the particular offense or the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *E.g.*, *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10; *State v. Carrington*, 8th Dist. Cuyahoga No. 100918, 2014-Ohio-4575, ¶ 22.

{¶10} Here, Cargill contends his sentence was contrary to law because it was inconsistent with the sentence imposed on his codefendant. His claim is predicated on

R.C. 2929.11(B), which states that a felony sentence should be "consistent with sentences imposed for similar crimes committed by similar offenders."

**{¶11}** The courts have not interpreted the notion of consistency to mean equal punishment for codefendants. *State v. Harder*, 8th Dist. Cuyahoga No. 98409, 2013-Ohio-580, ¶ 7. Consistency is not synonymous with uniformity. *State v. Black*, 8th Dist. Cuyahoga No. 100114, 2014-Ohio-2976, ¶ 12. Rather, the consistency requirement is satisfied when a trial court properly considers the statutory sentencing factors and principles. *State v. O'Keefe*, 10th Dist. Franklin Nos. 08AP-724, 08AP-725 and 08AP-726, 2009-Ohio-1563, ¶ 41. "'[C]onsistency is achieved by weighing the factors enumerated in R.C. 2929.11 and 2929.12 and applying them to the facts of each particular case.'" *State v. Wells*, 8th Dist. Cuyahoga No. 100365, 2014-Ohio-3032, ¶ 12, quoting *State v. Lababidi*, 8th Dist. Cuyahoga No. 100242, 2014-Ohio-2267, ¶ 16. Consistency "'requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable.'" *State v. Georgakopoulos*, 8th Dist. Cuyahoga No. 81934, 2003-Ohio-4341, ¶ 26, quoting *State v. Quine*, 9th Dist. Summit No. 20968, 2002-Ohio-6987, ¶ 12.

**{¶12}** "Consistency accepts divergence within a range of sentences and takes into consideration the trial court's discretion to weigh statutory factors." *State v. Hyland*, 12th Dist. Butler No. CA2005-05-103, 2006-Ohio-339. *See also State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954*; State v. Armstrong*, 2d Dist. Champaign No. 2015-CA-31, 2016-Ohio-5263; *State v. Murphy*, 10th Dist. Franklin No. 12AP-952,

2013-Ohio-5599, ¶ 14. "Although the offenses may be similar, distinguishing factors may justify dissimilar treatment." *State v. Dawson*, 8th Dist. Cuyahoga No. 86417, 2006-Ohio-1083. ¶ 31.

{¶13} Thus, the fact that Cargill was sentenced to an aggregate prison term longer than the term that his codefendant was sentenced to does not in itself establish a violation of the consistency requirement set forth in R.C. 2929.11(B). Cargill claims he was less culpable than his codefendant Zychowski. This claim is without merit. While Zychowski let Cargill and Gray inside Colon's home, it was Cargill and Gray who awoke and then viciously attacked Colon, robbing him at gun point. Furthermore, although the trial court stated it would take into account Cargill's pleading guilty prior to his codefendant, the court did not promise a punishment more lenient than his codefendant. Rather, the trial court referenced Cargill's significant criminal history and the violent nature of his offenses and specifically cited its consideration of the seriousness and recidivism factors, before sentencing Cargill to a maximum eight-year term for robbery and a concurrent five-year term for felonious assault, in addition to one year for the gun specification. The dissimilarity in sentences between Cargill and his codefendant was justified by clearly evident distinguishing factors and the codefendants' conduct as reflected on the record. The trial court did not act clearly and convincingly contrary to law in imposing a greater sentence on Cargill than on his codefendant. The assignment of error is without merit.

{¶14} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
ANITA LASTER MAYS, J., CONCUR