[Cite as *State v. Luce*, 2019-Ohio-2875.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER LUCE | : | Case No. 19-COA-001 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 17-CRI-025



JUDGMENT:                    Affirmed



DATE OF JUDGMENT:            July 15, 2019




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

COLE F. OBERLI                            RUTH R. FISCHBEIN-COHEN
VICTOR R. PEREZ                           3552 Severn Road
110 Cottage Street                        Cleveland, OH  44118
Ashland, OH  44805

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Christopher Luce, appeals his December 27, 2018 resentence by the Court of Common Pleas of Ashland County, Ohio.  Plaintiff-Appellee is state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On March 9, 2017, the Ashland County Grand Jury indicted appellant on one count of involuntary manslaughter in violation of R.C. 2903.04, one count of corrupting another with drugs in violation of R.C. 2925.02, two counts of aggravated trafficking in drugs in violation of R.C. 2925.03, two counts of aggravated possession of drugs in violation of R.C. 2925.11, two counts of possessing drug abuse instruments in violation of R.C. 2925.12(A), one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), one count of illegal use or possession of marijuana drug paraphernalia in violation of R.C. 2925.141, and one count of possession of drugs in violation of R.C. 2925.11.

{¶ 3}   On August 1, 2017, appellant pled guilty to three of the counts: one of the aggravated possession of drugs counts, one of the possessing drug abuse instruments counts, and the possession of drugs count.  A jury trial then commenced on the remaining eight counts.  The jury found appellant guilty on all tried counts.  The trial court merged the involuntary manslaughter and corrupting another with drugs convictions. The state elected to have appellant sentenced on the involuntary manslaughter conviction.  By judgment entry filed October 3, 2017, the trial court sentenced appellant to an aggregate term of ten years in prison, with the ten year prison term for the involuntary manslaughter conviction being mandatory time.

{¶ 4}  Appellant appealed his convictions and sentence.  By opinion and judgment entry filed October 31, 2018, this court affirmed in part, vacated in part, and remanded the matter for resentencing, finding the trial court erred in pronouncing the ten year term on the involuntary manslaughter conviction to be mandatory.  *State v. Luce,* 5th Dist. Ashland No. 17-COA-037, 2018-Ohio-4409.  The trial court was ordered to resentence appellant on that count only.  A resentencing hearing was held on December 27, 2018.  By judgment entry filed same date, the trial court resentenced appellant to the original term of ten years, without the mandatory language.

{¶ 5}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 6}  "THE TRIAL COURT ERRED TO CHRISTOPHER LUCE'S DETRIMENT WHEN IN THE SENTENCING FINDINGS, IT DID NOT INCLUDE FACTORS UNDER R.C. 2929.12, WHICH WERE SUPPORTED BY THE RECORD, THEREBY THE SENTENCE WAS RENDERED CONTRARY TO LAW."

II

{¶ 7}  "THE TRIAL COURT ERRED TO CHRISTOPHER LUCE'S DETRIMENT WHEN HE WAS GIVEN A HEAVY INCONSISTENT SENTENCE WHILE OTHER SENTENCES, WITH SIMILAR CRIMES WERE OF SHORTER DURATION."

I

{¶ 8}  In his first assignment of error, appellant claims the trial court erred in sentencing him because it did not include R.C. 2929.12 factors.  We disagree.

{¶ 9}   This court reviews felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31.  R.C. 2953.08(G)(2) states we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶ 10}  "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 11} There is no dispute that the ten year sentence is within the statutory range. R.C. 2929.14(A)(1).  Appellant argues the trial court failed to include seriousness and recidivism factors under R.C. 2929.12.

{¶ 12} In fashioning a sentence, trial courts must consider factors under R.C. 2929.12.  *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; *Marcum, supra,* at ¶ 23.  However, as this court stated in *State v. Moyer,* 5th Dist. Licking No. 18 CA 0065, 2019-Ohio-0065, 2019-Ohio-1187, ¶ 26:

There is no requirement in R.C. § 2929.12 that the trial court states

on the record that it has considered the statutory criteria concerning

seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, at ¶ 60 (nothing in R.C. § 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), *citing State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94 (1992); *State v. Hughes*, 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶ 10 (trial court was not required to address each R.C. § 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods*, 5th Dist. No. 05 CA 46, 2006-Ohio-1342, ¶ 19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors").  (Citations omitted.)

{¶ 13} The trial judge who resentenced appellant was the same trial judge who imposed the original sentence.  During the resentencing hearing, the trial court stated the following: "And of course in this case, an involuntary manslaughter charge reflects the fact that the victim died in this matter, an individual lost their life, and I've considered and weighed the various sentencing factors that the Court must consider and weigh as well as the additional information that was presented to me today."  December 27, 2018 T. at 7.  The trial court clearly considered R.C. 2929.12(B)(2): "The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense."

{¶ 14} The trial court further stated at 7-8:

I find nothing today that changes the situation as it was presented to me at the time of the original sentencing, and I draw the same conclusions and inferences, and upon consideration of the statutory sentencing factors and the information of the victim impact statements, the statements made to the Court by the victims, * * * so all of those things collectively, and I am finding that a ten-year prison sentence remains appropriate and consistent with the purpose and principles of Ohio Sentencing Statutes, and the only difference is that this is not a mandatory term.

{¶ 15} During the original sentencing hearing, the trial court found appellant has a "high ORAS Score, high risk of recidivism, prior prison having been served, and of course supervision history." October 2, 2017 T. at 26. The trial court clearly considered R.C. 2929.12(D)(2): "[T]he offender has a history of criminal convictions."

{¶ 16} In its December 27, 2018 judgment entry, the trial court noted "it is taking into consideration everything previously considered by the Court at the original sentencing hearing. The Court is also taking into consideration the letters recently sent by the victims in this case." The trial court stated it reviewed the purposes and principles of sentencing under R.C. 2929.11, and "considered the provisions of O.R.C. Chapter 2929, the circumstances of the offense, the information contained in the pre-sentence investigation and the information furnished by the parties to this case." The trial court stated it fashioned its sentence upon the purposes and principles of the felony sentencing law and the statutory sentencing factors.

{¶ 17} Upon review, we find the trial court considered the R.C. 2929.12 factors and the sentence is not clearly and convincingly contrary to law.

{¶ 18} Assignment of Error I is denied.


II

{¶ 19} In his second assignment of error, appellant claims he was given a heavy inconsistent sentence of ten years. We disagree.

{¶ 20} In *State v. Frank,* 5th Dist. Muskingum No. CT2017-0102, 2018-Ohio-5148, ¶ 57, this court stated the following:


In regard to the consistency-in-sentencing argument, appellant bears a significant burden and must provide us with the detail necessary to establish that the sentence is inconsistent with other relevant sentences. *Thadur*, supra, 2016-Ohio-417, 59 N.E.3d 602 at ¶ 19, citing *State v. Friesen,* 3rd Dist. Crawford No. 3-05-06, 2005-Ohio-5760, 2005 WL 2840722, ¶ 16-19. Ohio courts have recognized that consistency in sentencing does not necessarily mean uniformity. *See State v. Ryan,* 1st Dist. Hamilton No. C-020283, 2003-Ohio-1188, 2003 WL 1094003, ¶ 10 (addressing felony sentencing). As an appellate court, we may decline to compare a particular defendant's sentences with similar crimes in this or other jurisdictions unless there is an inference of gross disproportionality. *Thadur*, supra, 2016-Ohio-417, 59 N.E.3d 602 at ¶ 20, citing *State v. King,*

5th Dist. Muskingum No. CT06-0020, 2006-Ohio-6566, 2006 WL 3614754,

¶ 26 (addressing felony sentencing).

{¶ 21} Appellant cites to five case, all of which are from other appellate districts other than the case of his co-defendant who happened to be his wife.  The co-defendant was similarly convicted and received a sentence of eight years.

{¶ 22} As stated above, during the original sentencing hearing, the trial court found appellant has a "high ORAS Score, high risk of recidivism, prior prison having been served, and of course supervision history."  October 2, 2017 T. at 26.  A review of appellant's presentence investigation report filed under seal supports the trial court's findings.  The trial court also found the co-defendant has a "low to moderate ORAS Score, no prior felony history."  October 2, 2017 T. at 26.  As explained by our colleagues from the Eighth District in *State v. Ware,* 8th Dist. Cuyahoga No. 106176, 2018-Ohio-2294, ¶ 17:

The fact that a defendant receives a longer prison sentence than a codefendant does not, in and of itself establish a violation of the consistency requirement.  *State v. Cargill*, 8th Dist. Cuyahoga No. 103902, 2016-Ohio-5932, ¶ 13; *see also Moore*, 2014-Ohio-5135, 24 N.E.3d 1197, at ¶ 17 ("[A] sentence is not contrary to law because the trial court failed to impose a sentence that is the same as [that imposed on] another offender who committed similar conduct.' "), quoting *State v. Graham*, 12th Dist. Warren No. CA3013-07-066, 2014-Ohio-1891, ¶ 15; *State v. Blacked*, 8th Dist.

Cuyahoga No. 100574, 2014-Ohio-3140, ¶ 15 (Although "[t]here is a statutory mandate for consistency in sentencing," consistency does not require "identical sentences" for codefendants.).

{¶ 23} During the resentencing hearing, the trial court noted appellant's sentence "should be consistent for sentences for similar crimes by similar situated offenders." December 27, 2018 T. at 6. The record reflects that the trial court properly considered the statutory sentencing factors, weighed them, and applied them accordingly.

{¶ 24} Upon review, we do not find the trial court imposed an inconsistent sentence or that the sentence is contrary to law.

{¶ 25} Assignment of Error II is denied.

{¶ 26} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.

EEW/db 625