[Cite as *State v. Dishong*, 2020-Ohio-4049.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| SHANNON DISHONG | : | Case No. 2019-CA-00066 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                                           Pleas, Case No. 2018-CR-2186(B)


JUDGMENT:                                         Affirmed


DATE OF JUDGMENT:                        August 11, 2020


APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

JOHN D. FERRERO                                AARON KOVALCHIK
PROSECUTING ATTORNEY                   116 Cleveland Avenue North
                                                            Canton, OH  44702
By: KRISTINE W. BEARD
110 Central Plaza South                         DONOVAN HILL
Suite 510                                              116 Cleveland Avenue North
Canton, OH  44702-1413                        Suite 808
                                                            Canton, OH  44702

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Shannon Dishong, appeals his March 18, 2019 sentence imposed by the Court of Common Pleas of Stark County, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 11, 2018, the Stark County Grand Jury indicted appellant on four counts of grand theft and two counts of theft, all in violation of R.C. 2913.02 (Case No. 2018CR2186B). Said charges arose from a home improvement business scam involving a codefendant, Daniel Neil (Case No. 2018CR2186A).

{¶ 3} On January 22, 2019, the Stark County Grand Jury indicted appellant on one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331 and one count of possession of cocaine in violation of R.C. 2925.11 (Case No. 2018CR2275). All of the cases were assigned to the Honorable Taryn Heath.

{¶ 4} According to appellee's brief at 1, in January 2019, the codefendant pled guilty before Judge Heath to four counts of grand theft and two counts of theft. On February 26, 2019, Judge Heath sentenced the codefendant to four years in prison with the possibility of judicial release after six to twelve months.

{¶ 5} On March 4, 2019, appellant pled guilty to all of the charges in both of his cases. Because of the unavailability of Judge Heath and a time issue, the Honorable Frank Forchione volunteered to accept appellant's plea and impose sentence in lieu of securing a visiting judge. March 4, 2019 T. at 3. By judgment entry filed March 18, 2019, Judge Forchione sentenced appellant on the grand theft/theft convictions to five years in prison, plus ordered restitution to six victims in the total amount of $64,623.70.

Judge Forchione also sentenced appellant to an aggregate one year term for the convictions in Case No. 2018CR2275. The latter case is not a part of this appeal.

{¶ 6} Appellant filed an appeal in Case No. 2018CR2186B and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 7} "THE TRIAL COURT ERRED IN NOT SENTENCING APPELLANT SIMILARLY TO HIS CO-DEFENDANT."

I

{¶ 8} In his sole assignment of error, appellant claims the trial court erred in not sentencing him similarly to his codefendant. We disagree.

{¶ 9} Pursuant to R.C. 2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049.

{¶ 10} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 11} Trial courts are required to follow the dictates of R.C. 2929.11 (overriding purposes of felony sentencing) and R.C. 2929.12 (factors to consider in felony sentencing). Pertinent to this appeal is R.C. 2929.11(B) which states:

A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and *consistent with sentences imposed for similar crimes committed by similar offenders.* (Emphasis added.)

{¶ 12} In this case, appellant was sentenced to five years in prison without the possibility of judicial release after six to twelve months. Prior to appellant's sentencing, a different trial judge had sentenced the codefendant on similar charges to four years in prison with the possibility of judicial release after six to twelve months. March 11, 2019 T. at 21. Appellant argues in failing to sentence him to a similar sentence as the codefendant, the trial court violated the "mandatory imperative" to sentence similarly situated offenders under R.C. 2929.11(B).

{¶ 13} In *State v. Cargill,* 8th Dist. Cuyahoga No. 103902, 2016-Ohio-5932, ¶ 11-12, our colleagues from the Eighth District explained the following:

The courts have not interpreted the notion of consistency to mean equal punishment for codefendants. *State v. Harder,* 8th Dist. Cuyahoga No. 98409, 2013-Ohio-580, ¶ 7. Consistency is not synonymous with

uniformity.  *State v. Black,* 8th Dist. Cuyahoga No. 100114, 2014-Ohio-2976, ¶ 12.  Rather, the consistency requirement is satisfied when a trial court properly considers the statutory sentencing factors and principles. *State v. O'Keefe,* 10th Dist. Franklin Nos. 08AP-724, 08AP-725 and 08AP-726, 2009-Ohio-1563, ¶ 41.  " '[C]onsistency is achieved by weighing the factors enumerated in R.C. 2929.11 and 2929.12 and applying them to the facts of each particular case.' "  *State v. Wells,* 8th Dist. Cuyahoga No. 100365, 2014-Ohio-3032, ¶ 12, quoting *State v. Lababidi,* 8th Dist. Cuyahoga No. 100242, 2014-Ohio-2267, ¶ 16.  Consistency " 'requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable.' "  *State v. Georgakopoulos,* 8th Dist. Cuyahoga No. 81934, 2003-Ohio-4341, ¶ 26, quoting *State v. Quine,* 9th Dist. Summit No. 20968, 2002-Ohio-6987, ¶ 12.

"Consistency accepts divergence within a range of sentences and takes into consideration the trial court's discretion to weigh statutory factors."  *State v. Hyland,* 12th Dist. Butler No. CA2005-05-103, 2006-Ohio-339.  *See also State v. Switzer,* 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954; *State v. Armstrong,* 2d Dist. Champaign No. 2015-CA-31, 2016-Ohio-5263; *State v. Murphy,* 10th Dist. Franklin No. 12AP-952, 2013-Ohio-5599, ¶ 14.  "Although the offenses may be similar, distinguishing factors may justify dissimilar treatment."  *State v. Dawson,* 8th Dist. Cuyahoga No. 86417, 2006-Ohio-1083. ¶ 31.

{¶ 14} The fact that appellant was sentenced to a greater sentence than his codefendant does not in itself violate the consistency requirement set forth in R.C. 2929.11(B).

{¶ 15} During his sentencing hearing, appellant did not raise the issue of dissimilar sentencing. Appellant did not request a sentence similar to the codefendant, nor did he present any evidence for the trial court to compare the culpability and criminal history of the codefendant to appellant.

{¶ 16} Defense counsel argued "it wasn't a situation where my client took checks from any of the victims, I don't see any evidence that he ever touched them or deposited them." T. at 5. At least three victims, either in court or through victim impact statements, specifically stated they dealt only with appellant and he took their checks. T. at 13, 16. The prosecutor argued based on the statements of the six victims, every single victim except for one "absolutely believed that of the two men, Mr. Dishong is much more culpable. That he was the one that was actually in their homes, that he was the one that lied to them day after day, he is the one that didn't return texts or left * * * crappy voicemails. It was all Mr. Dishong." T. at 16-17.

{¶ 17} The trial court heard how appellant committed the same scam in North Carolina and multiple times in Florida. T. at 17-18. The claims against appellant in those states were handled civilly, not criminally. *Id.* The trial court reviewed appellant's presentence investigation report and the victim impact statements. T. at 22. The trial court noted the following (T. at 23-25):

I mean, these people trusted you and they laid it out there for you.

This is all they had. And now you've taken their money. Now they don't

have money and they're back to where they now have to hire someone, I presume, to do what either of you guys tried to do that was wrong or didn't show up. So now they have to pay twice when they are nothing but good people and good citizens. That's the saddest thing about this.

* * *

On the night of the arrest, you had cocaine on you. You've been drinking alcohol every day and you said you were using powder cocaine two or three times a week. Money was given to you on the day of the arrest and you used that to buy powder cocaine.

* * *

But the fact of the matter is that these people, that have done good things in their life, have lost everything because you wanted to - - you wanted cocaine, you wanted that thrill. You wanted to go out and get the high that you felt you needed. And, as a result of that, their lives are in turmoil right now. And that's not something, I have to be honest with you, that this Court puts up with. I mean, there's things to be responsible for, and you weren't. You were only worried about your own self-pleasure.

{¶ 18} The trial court found appellant's home improvement scam was one of the worst forms of the offense because of the large amount of money involved ($60,000+), and the public needed to be protected given the "number of different victims that have been harmed." T. at 27.

{¶ 19} In reviewing the transcript of appellant's sentencing hearing, we cannot say that the trial court violated R.C. 2929.11(B) by imposing a greater sentence upon

appellant. The record is basically silent as to the codefendant's culpability and completely silent as to his criminal history. Appellant was the one who "smooth talked" and sold to all the victims except one, and took their checks. He committed the theft offenses and then evaded law enforcement and possessed cocaine. He had taken money and on the same day, purchased cocaine for his own benefit. He conducted the same home improvement business scam in two other states.

{¶ 20} Appellant's individual sentences were imposed within the applicable statutory ranges [R.C. 2929.14(A)(1)(4) and (5)] and the trial court complied with the requirements set forth in R.C. 2929.14(C)(4) for consecutive sentences. The record establishes the trial court considered the statutory sentencing factors of R.C. 2929.11 and 2929.12 and applied them accordingly.

{¶ 21} Upon review, we find the trial court did not err in not sentencing appellant similarly to his codefendant.

{¶ 22} The sole assignment of error is denied.

{¶ 23} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.

EEW/db