[Cite as *State v. Walker*, 2020-Ohio-4512.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

TERRELL E. WALKER,

    DEFENDANT-APPELLANT.

CASE NO. 5-20-13

O P I N I O N

Appeal from Hancock County Common Pleas Court
Trial Court No. 2018-CR-305

**Judgment Affirmed**

Date of Decision: September 21, 2020

APPEARANCES:

    *Brian A. Smith* **for Appellant**

    *Colleen P. Limerick* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Terrell E. Walker ("Walker") appeals the judgment of the Hancock County Court of Common Pleas, alleging that his sentence is not supported by the record. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On August 15, 2018, Shawntrina Alford ("Alford") was pulled over for speeding by the Ohio State Highway Patrol. PSI. Walker and two of Alford's children were passengers in the vehicle driven by Alford. PSI. The State Trooper detected an odor of marijuana coming from the vehicle. PSI. The State Trooper then searched the vehicle and found plastic baggies that contained marijuana and a powdery substance. PSI. After making this discovery, the State Trooper placed Walker and Alford under arrest. PSI. Subsequent testing revealed that the powdery substance in the baggie was a compound that contained heroin, fentanyl, and cocaine. PSI.

{¶3} On August 28, 2018, Walker was indicted on one count of possession of heroin in violation of R.C. 2925.11(A). Doc. 1. This charge included a specification that Walker was a major drug offender. Doc. 1. On August 14, 2019, Walker pled guilty to one count of possession of heroin in violation of R.C. 2925.11(A). Doc. 48. The major drug offender specification was dismissed. Doc. 48. The trial court then found Walker guilty on September 10, 2019 and ordered

that a presentence investigation report ("PSI") be prepared. Doc. 50. The trial court scheduled a sentencing hearing for November 14, 2019. Doc. 50. However, Walker failed to appear for his scheduled sentencing hearing. Doc. 51, 57. The trial court then issued a bench warrant for Walker. Doc. 51, 57.

{¶4} On January 2, 2020, the trial court issued an order that continued Walker's sentencing hearing for February 3, 2020. Doc. 58. Walker appeared before the trial court for sentencing on February 3, 2020. Tr. 1. The trial court ordered Walker to serve an eight-year prison sentence. Doc. 60. The trial court then issued a judgment entry of sentencing on February 18, 2020. Doc. 60.

*Assignment of Error*

{¶5} Walker filed his notice of appeal on March 6, 2020. Doc. 80. On appeal, Walker raises the following assignment of error:

> **Because the record, as shown by clear and convincing evidence, does not support the trial court's findings, pursuant to R.C. 2953.08(G)(2), the trial court's sentence of Appellant was not supported by the record.**

Specifically, Walker argues that the trial court did not properly weigh the principles and purposes of felony sentencing in R.C. 2929.11 or the seriousness and recidivism factors in R.C. 2929.12.

*Legal Standard*

{¶6} In ordering a sentence, "[t]he trial court has full discretion to impose any sentence within the authorized statutory range * * *." *State v. Dayton*, 3d Dist. Union No. 14-16-05, 2016-Ohio-7178, ¶ 15, quoting, *State v. King*, 2013-Ohio-

-3-

2021, 992 N.E.2d 491, ¶ 45 (2d Dist.).  However, R.C. 2929.11(A) directs trial courts to sentence convicted felons in accordance with the overriding purposes of felony sentencing, which

> **are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. * * ***

R.C. 2929.11(A).  "To effectuate compliance with these overriding purposes, the Ohio Revised Code requires the trial court to consider a number of factors listed in R.C. 2929.12." *State v. Walton*, 3d Dist. Logan No. 8-17-55, 2018-Ohio-1680, ¶ 6. The R.C. 2929.12 factors direct the trial court to evaluate the seriousness of the offense and the likelihood of recidivism.  R.C. 2929.12.

{¶7} Further, R.C. 2929.11(B) requires a trial court to impose a felony sentence that is "consistent with sentences imposed for similar crimes committed by similar offenders."  R.C. 2929.11(B).  As used in this provision, "'consistency' relates to the sentences in the context of sentences given to other offenders * * *." *State v. Moore*, 2014-Ohio-5135, 24 N.E.3d 1197, ¶ 16 (8th Dist.).  However, consistency does not necessarily require uniformity.  *State v. Hall*, 179 Ohio App.3d 727, 2008-Ohio-6228, 903 N.E.2d 676, ¶ 10 (10th Dist.).  "R.C. 2929.11(B) does not require a trial court to impose identical sentences for codefendants."  *State v. McIntosh*, 160, Ohio App.3d 544, 2005-Ohio-1760, 828 N.E.2d 138, ¶ 13 (1st Dist.).

-4-

**{¶8}** "The fact that a defendant receives a longer prison sentence than a codefendant does not, in and of itself establish a violation of the consistency requirement." *State v. Luce*, 5th Dist. Ashland No. 19-COA-001, 2019-Ohio-2875, ¶ 22, quoting *State v. Ware*, 8th Dist. Cuyahoga No. 106176, 2018-Ohio-2294, ¶ 17. "Rather, the consistency requirement is satisfied when a trial court properly considers the statutory sentencing factors and principles." *State v. Cargill*, 8th Dist. Cuyahoga No. 103902, 2016-Ohio-5932, ¶ 11. Thus, while "offenses may be similar, distinguishing factors may justify dissimilar sentences." *State v. Zaharie*, 9th Dist. Medina No. 09CA0077-M, 2010-Ohio-3542, ¶ 13.

**{¶9}** "Appellate courts defer to the broad discretion of the trial court in matters of sentencing." *State v. Jones*, 3d Dist. Shelby No. 17-19-08, 2019-Ohio-4938, ¶ 7.[1] If the defendant establishes by clear and convincing evidence that his or her sentence is "(1) contrary to law and/or (2) unsupported by the record," an appellate court has the authority, pursuant to R.C. 2953.08(G)(2), "to increase, reduce, or otherwise modify a sentence * * *." *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

---

[1] Trial courts are given discretion in applying the statutory factors in the process of determining an appropriate sentence. A misapplication of these factors in sentencing that rises to the level of an abuse of discretion is clearly and convincingly contrary to law. Thus, we examine the record to determine whether the trial court clearly and convincingly failed to act in accordance with the laws governing the imposition of sentences.

*State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86 (3d Dist.), ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus (1954).

*Legal Analysis*

{¶10} In this case, Walker pled guilty to a felony of the first degree. Doc. 48. A prison sentence was mandatory for the offense in this case. Tr. 14. *See* R.C. 2929.13(F)(5). Further, his eight-year prison term for this offense falls within the statutory range of three to eleven years in prison. *See* R.C. 2929.14(A)(1)(b). At the sentencing hearing, the trial court expressly considered the purposes and principles of felony sentencing. Tr. 11. During the sentencing hearing, the trial court also considered the contents of the PSI, a statement from Walker, and a letter submitted on Walker's behalf from a community organization. Tr. 10, 13-14.

{¶11} In the process of weighing the seriousness factors, the trial court noted that Walker was found to be in possession of "a high amount of drugs * * *." Tr. 12. The PSI indicated that the baggies discovered by the State Trooper contained 229.31 grams of a heroin compound and 1.01 grams of marijuana. PSI. However, the trial court also considered that the seriousness of possessing such a large amount of a controlled substance was "built into the nature of this offense" as it was classed as a felony of the first degree. Tr. 12.

{¶12} As to the recidivism factors, Walker stated, at the sentencing hearing, that he was remorseful for his conduct. Tr. 14. *See* R.C. 2929.12(E)(5). The Defense also obtained a letter from a community organization that indicated that

Walker had been involved as a volunteer in a sports program for at risk youth. Tr. 10, 13. PSI. The trial court then considered the fact that Walker did not have a juvenile record. Tr. 13. *See* R.C. 2929.12(E)(1).

**{¶13}** However, the trial court noted that Walker did have "a fairly serious, fairly lengthy adult criminal record, which * * * indicates recidivism is more likely." Tr. 13. *See* R.C. 2929.12(D)(2). Walker had also served, at least, three prison terms but continued his pattern of criminal behavior. *See* R.C. 2929.12(D)(3). The trial court noted that Walker, at the time of this offense, was "on bond or supervised release" for an offense that he committed in Michigan in 2017. Tr. 13. PSI. *See* R.C. 2929.12(D)(1). The PSI also indicated that, while Walker was on bond, he failed to report as directed on at least four occasions and reported late on at least fifteen occasions. PSI. Tr. 13.

**{¶14}** On November 14, 2019, Walker, failed to appear for his sentencing hearing. PSI. Doc. 9, 51. On January 2, 2020, the trial court continued Walker's sentencing hearing to February 3, 2020. Doc. 58. In the interim, Walker was placed in the Hancock County Justice Center and the Mercer County Jail.[2] PSI. He had no reported infractions during his time in each of these facilities. PSI.

**{¶15}** Walker points to the fact that his recidivism score in his PSI was listed as "moderate" and argues that this indicates he should not have as lengthy a prison term as the trial court ordered. PSI. However, the PSI also recommended that

---

[2] For a time, Walker was placed in the Mercer County Jail because of overcrowding. PSI.

Walker receive an eight-year prison term in this case. PSI. Walker has not demonstrated how the trial court imposed a sentence that was contrary to law by ordering an eight-year sentence when his recidivism risk was moderate. *See State v. Castle*, 2016-Ohio-4974, 67 N.E.3d 1283, ¶ 30 (2d Dist.) (wherein the appellate court affirmed the trial court's decision to impose a maximum prison sentence even though the PSI found the defendant's risk level was moderate and recommended he only serve community supervision.). *See State v. Bray*, 2d Dist. Clark No. 2016-CA-22, 2017-Ohio-118, ¶ 33.

{¶16} On appeal, Walker also argues that his eight-year prison sentence was not consistent with Alford's four-year prison sentence for the same offense. *See* R.C. 2929.11(B). However, at Walker's sentencing hearing, the trial court stated that Alford received a shorter sentence because she "had a vastly different criminal history." Tr. 14. *See Cargill, supra,* at ¶ 13. The trial court noted that Alford, unlike Walker, did not have "multiple prior felony convictions." Tr. 14. *See State v. Allen*, 10th Dist. Franklin No. 10AP-487, 2011-Ohio-1757, ¶ 24. The difference in Walker and Alford's sentences came from the trial court's application of the R.C. 2929.12 factors to the circumstances of these two cases. *State v. Beasley*, 8th Dist. Cuyahoga No. 82884, 2004-Ohio-988, ¶ 23. Thus, in this argument, Walker has only established that his sentence and Alford's sentence were not uniform. He has not carried the burden of demonstrating, by clear and convincing evidence, that the trial court acted contrary to law by ordering a longer prison sentence for him than

for Alford. *See State v. Gordon*, 5th Dist. Stark No. 2005CA00031, 2005-Ohio-3638, ¶ 46 (holding that the application of the factors and guidelines in R.C. 2929.11 and R.C. 2929.12 "create consistency in sentencing.").

{¶17} After reviewing the materials in the record, we conclude that Walker's sentence is supported by the facts in the record. We find no indication in the record that the trial court abused its discretion and imposed a prison sentence that was contrary to law. Because Walker did not carry the burden of demonstrating, by clear and convincing evidence, that his sentence was not supported by the record, his sole assignment of error is overruled.

*Conclusion*

{¶18} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Hancock County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**SHAW P.J. and ZIMMERMAN J., concur.**

**/hls**